**ALLSTATE INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**Robert G. STEVENS and Himeyo Date, Defendants-Appellees.**

**No. 26429.**

United States Court of Appeals, Ninth Circuit.

July 21, 1971.

---

Edward R. Bendet (argued), Alexander C. Marrack, Honolulu, Hawaii, for plaintiff-appellant.

Kazuo Oyama (argued), Honolulu, Hawaii, for defendants-appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Allstate, in a diversity action brought for declaratory relief, was held obligated to defend Stevens and respond in damages for liability arising out of the use of Stevens' 1958 Volkswagen. Allstate appeals, challenging the trial judge's conclusion, D.C., 313 F.Supp. 819, that the automobile in question was covered by the policy provision relating to the insured's use of an automobile of which he "acquires ownership" during the policy term. It contends: (1) the automatic insurance provision does not apply to an automobile owned by the insured at the time of the issuance of the policy, not covered therein, which becomes operable during the policy period; (2) the trial court's findings of fact, as to when the Volkswagen became operable, were clearly erroneous. We agree with the appellant's first contention and therefore reverse.

Allstate issued a policy to Robert Stevens covering his 1962 Oldsmobile for a year, from August 18, 1967 to August 18, 1968. The policy in addition to covering the Oldsmobile, covered his use of "an additional * * * automobile of which the named insured acquires ownership."

At the time the policy was issued, Stevens also owned a 1958 Volkswagen with defective brakes. Stevens chose not to insure the Volkswagen at this time, allegedly because he did not use it. At a later time the brakes were repaired and on January 17, 1968, the car became involved in an accident. Arising out of this accident, a suit was brought by Himeyo Date against Stevens. Allstate denied coverage but assumed Stevens' defense in the action, under an agreement with Stevens reserving its right to deny coverage in the event of an adverse verdict. After a jury verdict in Date's favor, Allstate denied liability under the policy.

The policy issued to Stevens on his Oldsmobile provided coverage for

" * * * an additional private passenger or utility automobile of which the named insured *acquires ownership,* provided notice of its delivery be given to Allstate within the policy term then current, or if delivery is within 30 days before the end of such term, then within 30 days after delivery." [Emphasis added]

It should be noted that the policy speaks prospectively in the use of the words "acquires ownership." Howe v. Crumley Jones & Crumley Co., (Ohio App. 1944) 44 Ohio L.Abs. 115, 120, 57 N.E.2d 415, 418, concerns an "acquires ownership clause" similar to the one in the case at bar and holds that the language is prospective in its connotation.

The trial court gave the word "acquires" its plain, prospective meaning. However, it ruled that the term "acquires ownership" was to be construed to mean the "acquisition of an operable automobile." It found that the Volkswagen was not "operable" in August of 1967 and that the insured, Stevens, acquired "ownership" of the vehicle when he had the brakes repaired some time between August 1967 and January 1968.

The trial court relied for its construction on Glens Falls Insurance Co. v. Gray, (5 Cir. 1967) 386 F.2d 520. We do not agree with the portion of the decision relied upon. Moreover, the case is not binding on us and is distinguishable. The policy in *Glens Falls* covered two Fords. About a month *prior* to the issuance of the policy, the insured came into possession of a third automobile, an Oldsmobile, under an agreement of sale but did not acquire legal title until about a week *after* the policy period had begun. Thereafter the insured was involved in an accident with the Oldsmobile. In holding there was coverage, the

Fifth Circuit ruled that the insured's acquisition of legal title of the Oldsmobile after the issuance of the policy was determinative that *ownership was acquired during the policy year*. In addition the court stated that the insurance company "was on notice in the policy year * * * that coverage was then desired and requested, as the jury found." [p. 525].

During the policy year the insured repaired the Oldsmobile and made it operable. As a second basis for its decision or as dictum the court stated that "the term 'acquires ownership' * * * for the purposes of this case, may properly be construed as comprehending the acquisition of the *operable* Oldsmobile, along with title and 'actual' ownership, as stipulated, during the policy year." [p. 525].

Thus, in the *Glens Falls* case, the insured *within* the policy period, acquired legal title to the vehicle, became the registered owner thereof and put the vehicle in operable condition. In the case at bar, legal title to the Volkswagen was acquired *before* the policy period.

Shipman v. Fed. Mutual Automobile Insurance Co. (E.D.Mo.1964) 232 F. Supp. 354 and Mahaffey v. State Farm Mutual Insurance Co. (La.App.1965) 175 So.2d 905, 909, closely in point, are contrary to the position taken by the trial court and are far more persuasive than *Glens Falls*, supra.

█ We hold that the language of the policy is clear and should be given its ordinary meaning, and that when an insured makes operable an automobile, owned by him before the policy period, the insured does not "acquire ownership" of the vehicle by making it operable.

Since we find the trial court in error in its interpretation of the policy, we do not reach the issue as to whether the court was wrong in its factual determinations.

Judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.