■ The appellant's third assignment of error is that:

"The lower court's interpretation of the city of Cleveland Charter and the civil service rules violated the appellant's constitutionally protected expectation of continued employment."

The appellant, in his third assignment of error, argues that the trial court's judgment, which affirmed the decision of termination, deprived the appellant of his constitutional right to an expectation of continued employment. Specifically, the appellant argues that he possessed a legitimate claim of continued employment.

This assignment of error is not well taken.

The appellant, as a probationary employee, did not possess a property interest in continued employment so as to come within the protection of the Fourteenth Amendment to the United States Constitution. The appellant was not denied any constitutional rights as a result of his termination. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494; *Bd. of Regents v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548.

The appellant's third assignment of error is not well taken.

Affirmed in part and reversed in part.

*Judgment accordingly.*

KRUPANSKY, P.J., MATIA and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

PATRICK et al., Appellees,

v.

THINES et al., Appellees; Boyer, Appellant.

[Cite as *Patrick v. Thines* (1990), 70 Ohio App.3d 168.]

Court of Appeals of Ohio,
Allen County.

No. 1–89–52.

Decided Oct. 31, 1990.

*Alan L. Mollenkamp,* for appellees John Patrick et al.

*Larry G. Moritz,* for appellees Lawrence E. Thines et al.

*Robert K. Leonard,* for appellee Empire Ins. Co.

*Cory, Meredith, Witter, Roush & Cheney* and *Deborah L. Drexler,* for appellant Linda Boyer.

THOMAS F. BRYANT, Judge.

This is an appeal by defendant and third-party plaintiff-appellant, Linda Boyer, from a judgment entered by the Court of Common Pleas of Allen County overruling appellant's motion for summary judgment and granting appellee's motion for summary judgment.

Defendant Lawrence E. Thines was the owner of Prestige Cab Company. Thines/Prestige's business auto insurance policy No. BA 31 82 46 was procured for him by Marie Laudick, an independent insurance agent, through Carnegie Insurance Services (hereafter "Carnegie"), a broker/agent of Empire Insurance Company (hereafter "Empire"). Policy No. BA 31 82 46 became effective November 21, 1984.

This insurance policy covered the four vehicles in Prestige's fleet. On February 2, 1985, Thines contacted Laudick requesting that a 1976 Chevrolet Impala be substituted in coverage for one of the insured cabs, a 1977 AMC Hornet. Laudick telephoned the requested change to Carnegie on February 12, 1985.

On February 16, 1985, while operating the 1976 Impala, Thines was involved in an accident with Boyer and plaintiffs John and Carol Patrick. Thines reported this accident to Laudick on the day of its occurrence.

Subsequently, on February 27, 1985, Laudick followed up her previous request to Carnegie for substituted coverage on the Impala by sending a confirmation letter to Carnegie. Empire, Carnegie's principal, denied that the Impala was insured by Thines' policy on the date of the accident.

As a result of a suit brought against Boyer by the Patricks for personal injuries resulting from the February 16 accident, Boyer instituted a third-party action against Thines and Prestige Cabs seeking contribution and a declaratory judgment determining the extent of Empire's insurance coverage in the circumstances. Boyer and Empire filed motions for summary judgment to determine the issue. On June 8, 1989, the trial court denied Boyer's motion and granted Empire's motion for summary judgment dismissing Boyer's third-party complaint.

Boyer now appeals from that judgment, asserting a single assignment of error which is:

"The trial court erred in overruling defendant-appellant Linda Boyer's motion for summary judgment as to the issue of Empire Insurance Company's contractual duty to provide insurance coverage for Lawrence E. Thines for the auto accident occurring February 16, 1985."

To grant a motion for summary judgment pursuant to Civ.R. 56(C) a court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is directed. Civ.R. 56(C). See, also, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

The determination of appellant's assignment of error turns upon whether the trial court correctly interpreted the language of insurance policy No. BA 31 82 46. The court based its judgment on the language of the "After Aquired Auto" clause of the Empire policy. That clause provides:

"B. OWNED AUTOS YOU ACQUIRE AFTER THE POLICY BEGINS

"1. An auto you acquire to replace a covered auto will be a covered auto for 30 days with the same coverage(s) and limit of liability in effect for auto replaced."

■ A court need only interpret or construe a policy's contract language where the policy or a particular clause thereof is ambiguous. The law has generally found "After Acquired Auto" provisions such as that here in issue to be clear and unambiguous, requiring no construction. *Allstate Ins. Co. v. Young* (Tenn.1982), 639 S.W.2d 916, 920. See, also, *Brown v. State Farm Mut. Auto. Ins. Co.* (Ky.1957), 306 S.W.2d 836; 12 Couch on Insurance 2d (1981) 473–475, Automobile Insurance, Section 45:193. We agree with the trial court that the clear language of the Empire "After Acquired Auto" clause should be given its common ordinary meaning. *Howe v. Crumley, Jones & Crumley Co.* (App.1944), 44 Ohio Law Abs. 115, 57 N.E.2d 415. See, also, *Blohm v. Cincinnati Ins. Co.* (1988), 39 Ohio St.3d 63, 529 N.E.2d 433.

In giving plain and ordinary meaning to this clause, one must first look to the caption, "OWNED AUTOS YOU ACQUIRE AFTER THE POLICY BEGINS." Although this caption is not part of the clause in question, it is part of the policy and, therefore, cannot wholly be ignored. *Howe, supra,* 44 Ohio Law Abs. at 119, 57 N.E.2d at 417. The words in this caption clearly require that for a vehicle to qualify as a replacement auto for purposes of this policy, it must be acquired after the policy term has begun for an automobile to which the policy applied originally.

The text of the clause is also prospective in aspect. Because the clause requires that an auto be acquired to replace a covered auto, of necessity the policy must have been in effect at the time of acquisition. 12 Couch on Insurance 2d, *supra,* at 475. Further, the policy language dictates that

coverage commences upon acquisition and, hence, requires the insured to notify the insurer of that acquisition within thirty days.

In the case *sub judice,* Thines/Prestige acquired the Impala a year prior to the effective date of the policy. Although the law requires the language of the policy to be construed in favor of the insured, it does not require the language to be strained to cover every claim of the insured. *Howe, supra,* 44 Ohio Law Abs. at 121, 57 N.E.2d at 419. See, also, *Carpenter v. Gasper* (1962), 116 Ohio App. 45, 21 O.O.2d 264, 186 N.E.2d 481. Only by ignoring the ordinary and usual meaning of the words in this clause might this language be construed to include coverage on the Impala. Further, to give this clause an inclusive interpretation would be to permit an insured with a number of vehicles, some operating and some not, some declared and some not, to put them in and out of service individually at different times, contending they are all covered by the policy, when in fact no premiums are being paid for the coverage of some of them. *Lumbermens Mut. Cas. Co. v. Commercial Union Assurance Co.* (1980), 155 Ga.App. 908, 910–911, 273 S.E.2d 649, 651. We believe the Empire policy had no effect to insure a non-declared vehicle owned by Thines/Prestige except as necessary during the thirty-day period of time allowed for the insured to notify the insurer of the new acquisition to be substituted for that auto to be dropped from coverage. We hold the trial court was correct in denying appellant's motion for summary judgment. Appellant's assignment of error is overruled.

Although Empire as appellee has not filed a notice of appeal, it has attempted to invoke R.C. 2505.22, which states:

"In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignment shall be passed upon by a reviewing court before the final judgment, or decree is reversed in whole or in part."

This statute provides appellee with an opportunity, in proper circumstances, to prevent reversal of the judgment under review in situations where the appellee has not appealed from that judgment. *Capital Leasing, Inc. v. Hines* (Feb. 9, 1990), Union App. No. 14–88–17, unreported, 1990 WL 11461, citing *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160, 163, 2 OBR 704, 706, 443 N.E.2d 184, 187. Thus, we do not consider appellee's proposed assignment of error, for here there is no reversal of the judgment below.

There being no error of the trial court prejudicial to appellant as assigned and briefed, and it appearing that the parties have been afforded substantial

justice in the circumstances, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment affirmed.*

MILLER and EVANS, JJ., concur.