Defendant Progressive Casualty Insurance Company ("Progressive") appeals from the order of the trial court which awarded summary judgment to plaintiffs Patrick M. Lyttle and Landmark Landscapes, Inc. ("Landmark") in plaintiffs' declaratory action for defense and indemnification. For the reasons set forth below, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.
On Sunday, November 15, 1992, Lyttle was driving his Ford F150 pickup truck on his way to Convenient Food Mart on Turney Road and struck a vehicle operated by Deena Bugara. Bugara's insurer, Allstate Insurance Company, later filed suit against Lyttle seeking recovery of $22,649.40 which it had paid in connection with the collision. In addition, Mark Bugara sought recovery of his deductible.
Lyttle and his employer, Landmark Landscape (collectively referred to as "plaintiffs") subsequently filed this declaratory judgment action against Progressive, seeking coverage pursuant to a policy which Progressive issued to Michael Maloney, Landmark Landscape. In relevant part this policy provides:
 NAMED INSURED Michael Maloney Landmark Landscape
Drivers
 DVR NO. DRIVER NAME
 1-01 Michael Maloney 2-02 Patrick Lyttle 3-03 John C. Koneval
Covered Vehicles
 01 1978 Ford Stake Truck 02 1992 Dump Truck
* * *
 DEFINITIONS: WORDS AND PHRASES WITH SPECIAL MEANING
 2. "You" and "your" mean the person or organization shown in the Declarations as the named insured.
* * *
10. "Your Insured Auto" means:
 a. Any auto described in the Declarations and any auto you replace it with. If you want coverage for Liability to Others to apply to the replacement, you must notify us within 30 days of its acquisition. * * *
* * *
 c. Any auto not owned by you while you are temporarily driving it as a substitute for any other auto described in this definition because of its withdrawal from normal use due to breakdown, repair, servicing, loss, or destruction. Coverage for Damage to Your Auto
does not apply to these temporary substitute autos.
PART 1 — LIABILITY TO OTHERS
 We will pay, on behalf of an insured, damages other than punitive damages for which any insured is legally liable because of bodily injury and property damage caused by accident and resulting from the ownership, maintenance, or use of your insured auto. * * *
When used in Part I, "insured" means:
 1. You while driving your insured auto.
 2. You while driving any auto
other than your insured auto, except:
 a. autos you hire or borrow from your employees or members of their households.
 b. autos furnished for your
regular or frequent use.
 c. an auto hired by you
unless it is specifically listed in the Policy Declarations.
Plaintiffs alleged that at the time of the collision, Lyttle was listed as a driver on the Declarations page of the policy issued by Progressive and that, at the request of Maloney, Lyttle's vehicle was a "temporary substitute auto," one of the "insured autos" as defined in section 10.c. of the policy. This action was subsequently consolidated with the action filed by Allstate against Lyttle.
Progressive denied liability. On August 25, 1995, Progressive moved for summary judgment and maintained that at the time of the collision, Lyttle was operating his own vehicle on a personal errand and was not in the course and scope of his employment. Plaintiffs filed a cross-motion for summary judgment in which they maintained that Lyttle was listed as an insured driver on the Declarations page of the Progressive policy. Plaintiffs also asserted that Lyttle was driving his Ford F-150 truck which Landmark had designated a "temporary substitute auto" within the policy definition of an "insured auto," because the Stake truck originally listed as a covered auto in the policy was temporarily out of service due to a dead battery and radiator problems. Plaintiffs noted that the policy did not condition coverage upon the insureds acting in the course and scope of their employment. On November 3, 1997, the trial court issued an opinion and order granting plaintiffs' motion for summary judgment. In relevant part, the court determined that because the named insured of the policy included the legal entity of Landmark Landscape, the term should be construed to include employees of the legal entity pursuant to King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,211. The court also determined that the undisputed evidence of record demonstrated that Lyttle's truck was a "temporary substitute auto" which was being used to replace the inoperable Stake truck. Finally, the lower court observed that although the policy contained a commercial use endorsement, the term "commercial use" was not defined. The court therefore determined that the endorsement merely limited the "regular and dominant use" of the vehicle to commercial purposes.
Progressive obtained a certification of no just reason for delay pursuant to Civ.R. 54(B) and now appeals. Progressive assigns four errors for our review. For the sake of convenience, we shall address the assigned errors out of their predesignated order.
Progressive's third assignment of error states:
 WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT CONCERNING WHETHER OR NOT A VEHICLE HAS BEEN WITHDRAWN FROM NORMAL USE DUE TO A BREAKDOWN, REPAIR, SERVICING, LOSS OR DESTRUCTION, SO AS TO QUALIFY ANOTHER VEHICLE AS A TEMPORARY SUBSTITUTE UNDER AN INSURANCE POLICY, THE TRIAL COURT IS PRECLUDED FROM GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PARTY ASSERTING THE MATERIAL FACT AT ISSUE.
Within this assignment of error, Progressive asserts that there are genuine issues of material fact as to whether the Stake truck originally described as a covered vehicle under the policy was actually withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. Thus, Progressive asserts, there is a genuine issue of material fact as to whether Lyttle's vehicle could properly qualify as a "temporary substitute auto" under the policy.
A motion for summary judgment forces the moving party to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,296. It is the non-moving party, however, who must produce evidence on all issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
In this instance, plaintiffs averred in their motion for summary judgment that the Ford Stake Truck originally listed as one of the autos in the policy had radiator problems and needed a new battery. Progressive presented no evidence below to refute plaintiffs' claim that the Stake Truck listed as an insured vehicle under the Progressive policy was withdrawn from normal use due to breakdown, and we will not consider conclusory claims to this effect at this point in the proceedings. Dresher v. Burt, supra, at 293; see, also, Vahilav. Hall (1997), 77 Ohio St.3d 421, 429-430; Allis-ChalmersCredit Corp. v. Herbolt (1984), 17 Ohio App.3d 230, 238.
This assignment of error is without merit.
Progressive's first assignment of error states:
 WHERE A COMMERCIAL AUTO INSURANCE POLICY DEFINES THE TERM "YOU" AS BOTH A PERSON AND AN ORGANIZATION OR BUSINESS ENTITY FOR PURPOSES OF DEFINING WHO QUALIFIES AS AN "INSURED" UNDER THE LIABILITY PROVISIONS OF THE POLICY, AND DOES NOT INCLUDE OR USE TERMS OR LANGUAGE WHICH WHEN APPLIED TO THE PERSON AND/OR ORGANIZATION ARE MANIFESTLY ABSURD, THE INSURER DOES NOT OWE LIABILITY COVERAGE TO AN EMPLOYEE OF THE ORGANIZATION WHO DOES NOT QUALIFY AS "YOU," AS THAT TERM IS CLEARLY DEFINED AND USED IN THE LIABILITY PROVISIONS.
Progressive next maintains that, pursuant to this court's opinion in Progressive Ins. Co. v. Heritage Ins. Co. (1996),113 Ohio App.3d 781, the named insured provision of a commercial liability policy must be defined to mean the company listed as the named insured and not to the employees of that company. Progressive therefore maintains that there is no basis for including Lyttle within the policy definitions of "you" and the "insured."
With regard to procedure, we note that in order for summary judgment to be properly rendered, it must be determined that:
 (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448.
The essential question raised in this assignment of error is whether Lyttle is included within the definitions of "you" and the "insured" as defined by the policy.
In ascertaining the meaning of the policy language, we begin by noting that common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or the overall contents of the instrument.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. If the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. King v.Nationwide, supra, syllabus. However, the general rule of liberal construction cannot be employed to create an ambiguity where there is none. ALD Concrete Grading Co. v. Chem-MastersCorp. (1996), 111 Ohio App.3d 759, 765-766. If the terms of a policy are clear and unambiguous, the interpretation of the contract is a matter of law. Inland Refuse Transfer Co. v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321,322.
Turning to the issue of whether Lyttle is an "insured" or "you" under the policy, we note that in Progressive Ins. Co. v.Heritage Ins. Co., supra, this court considered whether the employee of a florist was insured pursuant to the florist's commercial liability policy while making a flower delivery in his own vehicle. The court noted the following provisions in the commercial policy:
1. WHO IS AN INSURED
The following are insureds:
a. You for any covered auto.
 b. Anyone else while using with your permission a covered auto you own, hire or borrow except:
* * *
 (2) Your employee if the covered auto is owned by that employee or a member of his or her household.
The court then stated:
 Under the section "WHO IS AN INSURED," the policy lists "You for any covered auto." The Supreme Court has held that "You" in a commercial auto liability policy refers to the company listed as the named insured and not to the employees of that company. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 212, 519 N.E.2d 1380, 1384. The "named insured" in the Heritage policy is Merhaut Florist.
 Although the Heritage policy does not cover the employee Jason Dawson, the policy does cover Merhaut Florist for liability arising out of the use of a covered auto under the policy. Merhaut's liability derives from the doctrine of respondeat superior. Merhaut, therefore, is vicariously liable for any negligence of its employee, Jason Dawson.
The court distinguished the matter from King v. Nationwide,supra, in which the supreme court found that employees were included within the scope of uninsured/underinsured coverage in a commercial insurance policy due to an ambiguity in the uninsured/underinsured provisions. Specifically, the King court refused to restrict the term "your" to include only the corporate named insured since the uninsured/underinsured provision referred to "relatives living in your household," and a corporation cannot have relatives living in its household. The King court therefore determined that the decedent was an insured under this provision.
Similarly, in Sanders v. Motorists Mut. Ins. Co. (October 19, 1995), Cuyahoga App. Nos. 68324, 68553, unreported, this court determined that the plaintiff, the son of an employee of the named insured, was insured pursuant to the uninsured motorist provisions of the policy. This court stated:
 Since the Wolf corporations themselves cannot occupy an automobile or suffer bodily injury or death, naming them as insureds is meaningless unless the coverage extends to their employees.
Accord Ezawa v. Yasuda Fire Marine Ins. Co. Of America (June 30, 1998), Franklin App. No. 97APE10-1343, unreported (listing cases including employees as insureds within commercial liability policies).
Applying the foregoing, we note that the instant policy defines an insured for purposes of determining whether there is liability coverage as "you while driving your insured auto" but attempts to confine the term "you" to the named insured, i.e.,
the corporation. This clearly conflicts with the portion of the policy listing Maloney, Lyttle and Koneval as drivers. Moreover, as the Sanders court noted, corporations cannot drive and thus an absurdity results if the term insured is defined solely with reference to the named corporate insured. Thus, we conclude that Lyttle, as an employee of Landmark and a listed driver under the policy, is clearly included within the definition of the terms "insured" and "you" in the policy issued by Progressive.
Progressive's first assignment of error is accordingly without merit.
Progressive's second assignment of error states:
 THE TERMS DEFINED AND USED IN THE LIABILITY PROVISIONS OF AN INSURANCE POLICY MUST BE INTERPRETED AND APPLIED CONSISTENTLY.
As we have concluded that Lyttle is included within the definitions of "you" and the "insured" we must now consider whether the accident with Bugara resulted from the use of an "insured auto" as defined by the policy. From the record as developed herein, this question turns upon whether Lyttle's collision with Bugara resulted from the use of a "temporary substitute auto" under the final definition of which "your insured auto" which includes:
 Any auto not owned by you while you are temporarily driving it as a substitute for any other auto described in this definition because of its withdrawal from normal use due to breakdown, repair, servicing, loss, or destruction. * * * (Emphasis added.)
As noted in Withrow v. Liberty Mut. Fire Ins. Co. (1991),72 Ohio App.3d 592, 593:
 The general purpose of this type of provision is to cover occasional or incidental use of vehicles without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase in the premium. 58 Ohio Jurisprudence 3d (1985) 391, Insurance, Section 892; American Jurisprudence 2d (1980, Supp. 1990), Automobile Insurance, Section 244. See, also, Annotation (1981), 8 A.L.R. 4th 387.
Herein, Progressive claims that since Lyttle has prevailed in claiming that the term "you" was ambiguous as originally defined in the policy, and since the court has therefore by judicial determination expanded that original definition to now include employees of the named insured, the judicially corrected definition of "you," which now includes Lyttle, must likewise be applied in the "temporary substitute auto" provision. This in turn bars coverage since Lyttle owned the purported "temporary substitute auto." Conversely, plaintiffs maintain that although the court deemed the original definition of "you" ambiguous and then altered the term to include Lyttle as an employee, it is the original, ambiguous and uncorrected policy definition of "you" which must be applied to the "temporary substitute auto" provision. Thus, plaintiffs assert since Lyttle was not originally included within the definition of "you," he should not be included as "you" for purposes of the "temporary substitute auto" provision.
We note that the insurer, having prepared the policy, must be prepared to accept any reasonable interpretation in favor of the insured Weiker v. Motorists Mut. Ins. Co. (1998), 82 Ohio St.3d 182,183. Nonetheless, the general rule of liberal construction of insurance policies in favor of insured cannot be employed to create ambiguity where none exists; the interpretation of clear and unambiguous language is matter of law. ALD Concrete Grading Co. v. Chem-Masters Corp., supra.
That is, where the contract language is not ambiguous, the court is bound by the clear language of the insurance contract and may not expand the language to include coverage that was clearly not intended by either party to the agreement. Lovewellv. Physicians Ins. Co. of Ohio (1997), 79 Ohio St.3d 143, 147. Moreover, the rule of liberal construction does not require the court to adopt a forced or strained construction of the contract to cover every claim of the insured. Knowlton v.Nationwide Mut. Ins. Co. (1996), 108 Ohio App.3d 419, 423.Patrick v. Thins (1990), 70 Ohio App.3d 168, 172.
We further note that where, following a judicial determination that a term is no longer ambiguous, "[i]t is, therefore, unnecessary and impermissible for a court to resort to construction of that language. * * * Thus, the interpretation of this insurance contract is a matter of law * * * reviewed by a court de novo. * * *" See W. World Ins. Co.v. Spevco, Inc. (1996), 109 Ohio App.3d 122, 124, quotingNationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. See, also, Coakley v. Main Bonding andCas. Co. (1992), 136 N.H. 402 (where term is undefined in contract but has been defined by judicial decision, it is not ambiguous).
Applying the foregoing, we conclude that the trial court incorrectly applied a rule of construction to the term "you" as it appears in the "temporary substitute auto" provision because the court incorrectly found the term to remain ambiguous, despite its earlier modification of the policy definition of "you" to include Lyttle. That is, we conclude that there can be no ambiguity within the meaning of the rule for strict construction against the insurer, when a term has been judicially defined. See Couch on Insurance 3d (1997), 21:14, 21-27; Order of United Commercial Travelers v. Knorr (C.A. 10, 1940), 112 F.2d 679, 682. Policy definitions which are deemed ambiguous and are then judicially modified to correct the ambiguity may be applied within the policy, absent another ambiguity or absurdity of language resulting from that subsequent application.
As we noted in our discussion of the previous assignment of error, the ambiguity in the definitions of "insured" and "you" necessarily compelled the lower court and this court to include Lyttle within the scope of those terms. It is this inclusion which now sets the proper scope of those definitions, and removes the ambiguity. The modified definitions in turn are applied as the correct definitions for those terms, absent another separate ambiguity or absurdity of language. We therefore reject plaintiffs' tortured reading of the policy and their contention that for purposes of applying the "temporary substitute auto" provision, the term "you" should again be considered ambiguous and should be limited to its original definition which did not include him within the scope of "you" or "insured." We agree with Progressive that if the court finds the definitions of "you" and "insured" to be ambiguous and if the court then revises those definitions to favor the insured, it is those revised, non-ambiguous definitions which must be applied throughout the policy, absent another ambiguity or absurdity of language. Thus, having included Lyttle within the definitions of "you" and "insured," we will consistently apply these definitions to the term "you" in the "temporary substitute auto" provision. Accordingly, because Lyttle owned the car which he was driving at the time of collision, it does not qualify as a "temporary substitute auto" i.e., "insured auto" under the policy. In accordance with the foregoing, it is clear that Lyttle was not operating an "insured auto," and Progressive's liability coverage therefore may not be invoked herein.
Progressive's second assignment of error is meritorious.
Progressive's fourth assignment of error states:
 WHERE AN EMPLOYEE IS LISTED AS A "DRIVER" ON A COMMERCIAL POLICY ISSUED TO HIS EMPLOYER, WHICH POLICY CONTAINS A "LIMITATION OF USE ENDORSEMENT" PROVIDING THAT THE PREMIUM CHARGED IS BASED ON THE COMMERCIAL USE OF THE AUTO(S) DESCRIBED, LIABILITY COVERAGE IS OWED FOR THE NEGLIGENCE OF THAT EMPLOYEE ONLY IF HE IS OPERATING AN INSURED VEHICLE WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH, AND/OR FOR A COMMERCIAL PURPOSE FOR, HIS EMPLOYER.
In light of our disposition of the first and second assignments of error, Progressive's fourth assignment of error is moot and we will not address it herein. App. R. 12(A)(1)(c).
The trial court's order granting summary judgment to Lyttle and Landmark is reversed and this matter is remanded for additional proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND McMONAGLE, J., CONCUR
 _______________________________ ANN DYKE JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App. R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).